OPINION
{¶ 1} On May 13, 2000, appellant, Paul Bunting, was charged with driving under suspension in violation of Massillon City Ordinance 335.07 and fictitious plates in violation of Massillon City Ordinance 335.11. On May 16, 2000, appellant appeared and pled no contest. The trial court found appellant guilty and sentenced him to one hundred eighty days in jail, twenty-five suspended, and ordered him to pay a $250 fine plus court costs.
 {¶ 2} On July 7, 2004, appellant file a postconviction motion for relief from judgment. By entry and order filed same date, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The massillon municipal [traffic] court judge Elum abused its discretion by denying [defendant] appellant his constitutional right to relief from judgment when the court's entry was void ab initio because same court erred by failing to uphold the constitution conferred by Article One of Sections Two and Ten and Sixteen of the Ohio Constitution and the Sixth and Fourteenth Amendments to the Constitution of the United States in violation of due process and equal protection and the right to counsel at sentencing hearing because the arrest was unconstitutionally pretextual and appellant was unlawfully restrained of his freedom of liberty when imposed cruel and unusual eighth amendment prohibited punishment by exceeding the final court entry sentencing imposition of incarceration with an imposed excessive bail now warrants relief from judgment herefore."
 I {¶ 5} It is necessary to first address the procedural status of this appeal. Appellant timely filed his brief on August 13, 2004 and included the following certificate of service:
 {¶ 6} "I hereby certify that I have sent a true and correct copy of the foregoing APPELLANT'S BRIEF ON ASSIGNMENT OF ERRORS (relief from judgment appeal) traffic case no. 2000-TRD-04793, to the Massillon Municipal Traffic Court clerk for whomever assigned as respondent (the law director or city prosecutor), at the address; CLERK, Johnnie A. Maier, Jr., Municipal Traffic Court,P.O. Box 1040, Massillon, OH 44648-1040 (deposited in the Trumbull Correctional Institution's internal mailing system for inmates), executed this 9 day of August, 2003."
 {¶ 7} App.R. 13 governs filing and service on appeal. Subsections (C) and (D) state the following:
 {¶ 8} "(C) Manner of service
 {¶ 9} "Service may be personal or by mail. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel. Service by mail is complete on mailing.
 {¶ 10} "(D) Proof of service
 {¶ 11} "Documents presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Documents filed with the court shall not be considered until proof of service is endorsed on the documents or separately filed."
 {¶ 12} Upon review, we find these rules have not been met and we are free to disregard appellant's brief. Regardless of this ruling, we will address the assignment of error because it is based upon the jurisdictional requirements of R.C. 2953.21.
 I {¶ 13} Appellant claims the trial court erred in failing to grant his request for postconviction relief. We disagree.
 {¶ 14} Appellant was convicted on May 16, 2000. His motion for postconviction relief was filed on July 7, 2004. Pursuant to R.C. 2953.21(A)(2), appellant's motion was time barred because more than "one hundred eighty days after the expiration of the time for filing the appeal" had passed.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed.